UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
NOSON A. KOPEL,

                Appellant,

**MEMORANDUM DECISION AND ORDER**

14 Civ. 5105 (AMD)

In re
JJE & MM GROUP LLC,

                Debtor.
------------------------------------------------------------- X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 3 1 2016 ★

BROOKLYN OFFICE

**ANN M. DONNELLY**, District Judge.

## INTRODUCTION

Noson A. Kopel appeals from two Bankruptcy Court orders issued by the Honorable Carla E. Craig: an order of contempt and an order imposing monetary sanctions. The appellant argues that the orders were improper because (1) Judge Craig did not have the power to issue the orders; (2) the appellant did not know about the dismissal order that he was found to have violated; (3) the appellant could not be held in contempt without the debtor first being held in contempt; and (4) legal fees were an inappropriate sanction. For the foregoing reasons, the Bankruptcy Court's orders are affirmed.

## FACTUAL BACKGROUND

The debtor, JJE & MM Group LLC, has as its sole assets two pieces of property: one located at 83-85 Lawrence Avenue, Brooklyn, New York and the other at 613 West 146th Street, New York, New York. 1354 Realty was the sole creditor. The properties were scheduled to be sold at a foreclosure sale on July 11, 2013. On that same day, however, the debtor filed for Chapter 11 Bankruptcy, even though reorganization was unlikely.

1

On July 31, 2013, the creditor filed a motion to dismiss the bankruptcy action, with prejudice, on the ground that the debtor acted in bad faith in filing for bankruptcy on the very day of the foreclosure sale.

Judge Craig determined that the petition was made in bad faith, and dismissed the case on September 9, 2013; as part of that order, Judge Craig barred the debtor from filing another case under Chapter 11 for a period of one year from the date of the order. The debtor was permitted to seek modification of the order in the event that the debtor could demonstrate a change in circumstances that would enable the debtor to reorganize.

Following the dismissal, the secured creditor returned to state court where a judgment of foreclosure was entered. A sale of the debtor's properties was set for the afternoon of January 9, 2014. On that same day, in direct violation of Judge Craig's order, the appellant, new counsel for the debtor, filed the debtor's second bankruptcy petition. The affidavit of Ann Einhorn, an officer of the debtor, was attached to the bankruptcy petition. It included the following language:

> [O]n September 9, 2013 Judge Carla E Craig ordered that a previous bankruptcy by the debtor be dismissed without prejudice. That the order stated "This order is without prejudice to the Debtor's right to seek modification of this order pursuant to Bankruptcy Rule 9024(b) in the event that the Debtor can demonstrate a change in circumstances which enables the Debtor to reorganize."

Dkt. No. 1, Ex. 3 at 6.

On January 15, 2014, Judge Craig issued an order to show cause directing the appellant and the debtor to show cause why (1) they should not be held in civil contempt and sanctioned for violating the dismissal order; (2) counsel should not be sanctioned under Bankruptcy Rule 9011(c); and (3) the case should not be dismissed because it was barred by the first dismissal order. A hearing on the order to show cause was held on January 22, 2014. At the hearing, the appellant told Judge Craig that he had not represented the debtor on the first case, and that "this entire issue

2

was brought before [him] on an emergency basis a mere hour or hour and half before a scheduled sale." (Dkt. No. 12, Ex. 3 at 5.) The appellant also claimed that his new client had simply handed him an affidavit, and told him that her prior counsel advised her that she could file a second action. The appellant, in his haste, did not read the affidavit, nor did he look into any of the facts of the case before filing the second action. The appellant admitted that he, "understood [the affidavit] immediate upon reading it carefully, which admittedly, [he] did not [do] until [after filing the second bankruptcy petition]." (Dkt. No. 12, Ex. 3 at 8.)

Judge Craig was understandably not moved by the appellant's excuse that he did not read his own submissions or take any time to familiarize himself with his case. Accordingly, she dismissed the second case on January 24, 2014, held the appellant in contempt for violating the previous dismissal order, and issued sanctions in the amount of reasonable fees and expenses that the secured creditor, 1354 Realty, incurred because of the second bankruptcy action. Judge Craig did not issue sanctions against the debtor, because the appellant represented at the hearing that his client did not understand the import of Judge Craig's previous order; the judge found that the appellant "nobly absolved his client of responsibility." (Dkt. No. 12, Ex. 3 at 24.) The secured creditor was directed to file and serve an affidavit listing the fees and expenses incurred as a result of the debtor's filing of the second case. The debtor and the appellant were given an opportunity to respond. A hearing date was set for February 19, 2014.

In the interim, the secured creditor filed a list of the expenses incurred as a result of the appellant's actions; the appellant filed an objection to the fees. When the parties appeared in court on that date, the appellant argued about the meaning of the order itself, disputed the expenses that the secured creditor submitted, and suggested that he might not have the ability to pay the amount

3

of the sanctions. Judge Craig gave the appellant an additional month to submit further arguments; the appellant did not provide the court with any written submissions.

At the March 19, 2014 appearance, the appellant repeated, for the most part, the arguments he made at the initial hearing. Judge Craig adhered to the contempt finding, but reserved on the appropriate amount of sanctions.[1] On June 27, 2014, Judge Craig issued an order imposing sanctions in the amount of $9,786.67, the total amount of legal fees and advertising expenses that the secured creditor incurred in connection with the aborted foreclosure sale.

## DISCUSSION

Few principles should be more obvious to practicing lawyers than this: that they have a professional and ethical obligation to familiarize themselves with the basic facts of cases that they take on, and that they read documents before filing them in courts of law. Certainly, the failure to observe these basic tenets should never be an excuse for disregarding a court order. This, however, is precisely the situation that Judge Craig confronted, and that this Court now reviews. The appellant, having filed for bankruptcy in direct contravention of a court order, attempted to excuse his conduct by claiming that he knew nothing about the basic facts of the case, and that he did not read the document that he filed, in a court of law, in connection with that case. Judge Craig saw fit to sanction that conduct by directing the appellant to pay the costs incurred by his behavior.

This Court sits as an appellate court in reviewing final Bankruptcy Court judgments. 28 U.S.C. § 158(a); *see also In re Pegasus Agency, Inc.*, 101 F.3d 882, 885 (2d Cir. 1996). Bankruptcy Rule 9011 parallels Rule 11 of the Federal Rules of Civil Procedure. Accordingly, Rule 11 case law informs the interpretation of Rule 9011. *In re Highgate Equities, Ltd.*, 279 F.3d 148, 151 (2d Cir. 2002). As in Rule 11 cases, I review the imposition of sanctions pursuant to

---

[1] Another attorney appeared, and attempted to resurrect the previously dismissed bankruptcy action, which Judge Craig denied.

Bankruptcy Rule 9011, applying the abuse of discretion standard. *Matter of Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir. 1991).[2]

Bankruptcy Rule 9011 imposes a duty on attorneys to certify that any "petition, pleading, written motion or other paper" filed with the court is not being presented for any improper purpose, and is warranted by existing law and evidentiary support. Fed. R. Bankr. P. 9011(b). An attorney must conduct "an inquiry reasonable under the circumstances" before presenting a petition to the court. *Id.* Although an attorney may rely on objectively reasonable representations of a client, *Hadges v. Yonkers Racing Corp.* 48 F.3d 1320, 1329 (2d Cir.1995) (internal citations omitted), "the attorney must independently verify publicly available facts to determine if the client representations are objectively reasonable." *See In re Parikh*, 508 B.R. 572, 585 (Bankr. E.D.N.Y. 2014). Rule 9011(c) gives the court discretion to impose sanctions against attorneys who have violated the Rule's affirmative duty not to file, submit, or later advocate a position set forth in a written document for an improper purpose or a position without legal or evidentiary support. *See* Fed. R. Bankr. P. 9011(b), (c); *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004).

Judge Craig's decision to impose sanctions was eminently reasonable, especially in view of the appellant's conduct, and his patently absurd efforts to explain away that conduct. His current efforts to avoid the reasonable sanctions that Judge Craig imposed are no more persuasive. Thus, his insistence that he was not a party to the initial action – in which his client filed for bankruptcy on the same date as the foreclosure sale—misses the point entirely. He was not sanctioned for the conduct underlying the first bankruptcy filing, which was clearly made in bad faith. Rather, he was sanctioned because of his wholly unreasonable behavior in filing for bankruptcy, once again,

---

[2] The appellant asks that this Court undertake a *de novo* review of this matter. Of course, given the unique facts of this case, a district judge undertaking such a review might well determine that additional sanctions would be appropriate to deter this type of conduct in the future. Nonetheless, I will adhere to the abuse of discretion standard.

5

on the very day of the foreclosure sale, in the face of an order prohibiting his client from making such a filing. It does not matter whether he did so purposefully, or whether, as he claims, he blindly filed documents without bothering to read them. If he truly was not aware of the order, as he claims, it was entirely his own fault. Under either scenario, he deserved to be sanctioned, and he was.

Moreover, although Judge Craig would certainly have been justified in sanctioning the appellant's client, her decision to spare the client did not deprive her of the power to sanction the appellant. The rule provides that sanctions may be imposed "upon the attorneys, law firms, *or* parties." Fed. R. Bankr. P. 9011(c) (emphasis added). In any event, Judge Craig accepted the appellant's representation that the client did not understand the language of the order. That decision does not undermine her conclusion that the appellant should be sanctioned.

Finally, the appellant argues that the inclusion of legal fees in the imposed sanctions was inappropriate. However, Rule 9011 explicitly contemplates "attorney's fees incurred in presenting or opposing" a motion as an appropriate sanction. Fed. R. Bankr. P. 9011(c)(1)(A).

## CONCLUSION

For the above reasons, the Bankruptcy Court's orders for contempt and sanctions are hereby affirmed.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
March 30, 2016

7